30036. NEWSOME *v.* THE STATE.

DECIDED MAY 28, 1943.

W. E. Heath, M. C. Barwick, for plaintiff in error.
W. H. Lanier, solicitor-general, contra.

BROYLES, C. J.   Leonard Newsome was indicted for murder and convicted of voluntary manslaughter.   His motion for new trial was denied and that judgment is assigned as error.   Counsel for the plaintiff in error concede in their brief that the verdict was authorized by the evidence, but contend that certain errors of commission and of omission in the charge of the court required a new trial, and all of the special grounds of the motion for new trial are based on those alleged errors.

The first assignment of error is that the court erred in charging the law of confessions, because in the alleged confession the defendant never admitted that he killed the deceased.   It appears from the record that after the corpse of the deceased was found in the woods, and after the defendant had attended the coroner's inquest, and after his arrest, he made a free and voluntary statement to the officers (which was put in writing) in which he said that he, the deceased, and several other men were in the woods; that the deceased was drinking and had called him a son of a bitch; that he then hit the deceased on the head and knocked him down with a sapling pole (which he had cut down a few minutes before); that he hit the deceased again with the pole as he tried to get up, and then hit him three more times as he lay on the ground; that one of the men took some money out of the pocket of the deceased; that all of them except the deceased then left the woods, and he and another man divided the money taken from the deceased.   The record shows that sometime later the deceased was found dead in the woods, with his head mashed in and other bruises on the body; that the sapling pole was found and bark from it was near the head of the victim; and that the death of the deceased was caused by the licks on the head and that such wounds could have been made by the pole.   Under these circumstances the charge on the law of confessions was not error, although the defendant did not directly state in his confession that his licks on the head of the deceased were the cause of his death.   See, in this connection, *Minter* v. *State*, 158 *Ga.* 127 (123 S. E. 23).   In that case the deceased was found dead, floating in a creek, with weights tied about him.   The defendant made a statement that he and others tied weights to the deceased and then threw him in the stream in the nighttime; that afterwards he thought he heard the deceased swimming and thought the weights had come loose; that they

"struck matches to see if he sunk," but never saw him again. In that statement the defendant, as in the instant case, never made the direct admission that he had killed the deceased, and yet the Supreme Court held that "the evidence was sufficient to authorize a charge on the law of confessions."

The second assignment of error is controlled by our ruling on the first assignment. The third assignment of error is on the following charge: "So, if you find that a confession was made and you find that what he confessed to doing was done, and the corpus delicti is established, then such proof of the corpus delicti may be sufficient to authorize a conviction but not demand a conviction." Under all of the facts of the case and the entire charge the above-quoted excerpt, while subject to some criticism, was not an expression of the court's opinion on the facts of the case and does not require another hearing of the case.

The charge upon the law of voluntary manslaughter as complained of in the fourth assignment, while somewhat confused, does not, under the facts of the case, demand a new trial.

The conviction of the accused not depending wholly on circumstantial evidence, the failure of the court to charge the law of circumstantial evidence, in the absence of a request to do so, was not error. Also, under the facts of the case the failure to instruct the jury upon the law of an assault with intent to murder was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*